**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**LUNERA LIGHTING, INC.,** *f/k/a LED Forward, Inc.*,

                      **Plaintiff,**                **1:09-CV-229**
                                                           **(GLS/DRH)**

          **v.**

**NEXUS LIGHT DRIVE, LLC,** *d/b/a Affineon Lighting*,

                        **Defendant.**
_____

| **APPEARANCES:** | **OF COUNSEL:** |
|---|---|
| **FOR THE PLAINTIFF:** | |
| Hinman, Straub Law Firm<br>121 State Street<br>Albany, NY 12207-1693 | DAVID T. LUNTZ, ESQ. |
| **FOR THE DEFENDANT:** | |
| Law Offices of Andrew H. DePodwin<br>500 Airport Executive Park<br>Suite 502<br>Nanuet, NY 10954 | ANDREW H. DEPODWIN, ESQ. |

**Gary L. Sharpe**
**U.S. District Judge**

**DECISION AND ORDER**

## I. Introduction

This action predominantly arises out of plaintiff Lunera Lighting, Inc.'s ("Lunera") contention that defendant Nexus Light Drive, LLC ("Nexus") breached contracts between the parties. Presently pending is Nexus' motion to dismiss the action under FED R. CIV. P. 12(b)(1), (2), and (3), and both parties' motions for sanctions. (*See* Dkt. Nos. 8, 14, 18.) For the reasons that follow all motions are denied.

## II. Facts

Lunera is a corporation organized under Delaware Law and having its principal place of business in Troy, New York. (*See* Compl. at ¶ 1; Dkt. No. 1.) Nexus is a Florida Limited Liability Company. *Id.* at ¶ 2. In the Fall of 2007, Lunera and Nexus began negotiations for a deal under which Nexus would manufacture Light Emitting Diode ("LED") fixtures for Lunera. (*See* Walsh Aff. ¶7; Dkt. No. 13.) Negotiations mainly occurred through phone calls and emails between Lunera representatives in New York and Nexus representatives in Florida. *Id.* at ¶8. On December 17, 2007, Nexus representatives traveled to Boston and New York City to meet with Lunera investors and discuss the potential deal. *Id.* at ¶9.

2

These negotiations ultimately led to the execution of a Product Development Agreement ("PDA") between the parties on January 31, 2008, under which Nexus agreed to provide "product design, development and manufacturing services" to Lunera "of Troy, New York." *Id.* at ¶¶10, 11. Under the PDA Nexus was obligated to deliver hundreds of LED fixture variants to Lunera's headquarters in Troy and its officers in New York City in set increments from 2008 through 2011. *Id.* at ¶¶13, 15, 17, 21, 27. Nexus did deliver some of these fixtures to Lunera officers or customers in New York. *Id.* at ¶¶16, 20, 22, 24-25. However, the vast majority of the fixtures were not delivered, despite Nexus' acceptance of payments in excess of $470,000 from Lunera's New York bank account. *Id.* at ¶¶12, 16, 18, 19, 23, 28-29. This suit ensued, with Lunera asserting claims under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), and state law. (*See generally* Compl.; Dkt. No. 1.)

### III. Discussion

**A.    Subject Matter Jurisdiction**

Initially, the court addresses Nexus' passing contention that this case should be dismissed pursuant to FED. R. CIV. P. 12(b)(1).

A complaint will be dismissed under Rule 12(b)(1) when the court has

3

no subject matter jurisdiction over the action. *See* FED. R. CIV. P. 12(b)(1). "The burden of proving jurisdiction is on the party asserting it." *Malik v. Meissner*, 82 F.3d 560, 562 (2d Cir.1996) (internal citation and quotation marks omitted). In determining whether jurisdiction exists, the court "must accept as true all material factual allegations in the complaint, but [it will] not ... draw inferences from the complaint favorable to plaintiffs." *J.S. ex rel. N.S. v. Attica Cent. Sch.,* 386 F.3d 107, 110 (2d Cir. 2004).

In the present instance, the court clearly has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1367.[1] Section 1331 provides federal jurisdiction over claims which arise from federal law, while Section 1367 provides jurisdiction over state law claims which arise from the same nucleus of operative fact as the federal claims. As Lunera asserts a federal Lanham Act claim and all claims arise out of the same alleged breaches by Nexus, Nexus' challenge to subject matter jurisdiction is rejected.

## B.   Personal Jurisdiction

---

[1] It is noted that the court's diversity jurisdiction is also invoked pursuant to 28 U.S.C. § 1332. However, Lunera has failed to indicate the citizenship of Nexus' members, as necessary to determine diversity when one of the parties is an LLC. *See Handelsman v. Bedford Village Associates Ltd. Partnership*, 213 F.3d 48, 51-52 (2d Cir. 2000). Accordingly, the court is unable to definitively say that it has diversity jurisdiction here, though, given the parties arguments regarding personal jurisdiction, it almost certainly does.

4

Next, Nexus asserts that the court should dismiss this action pursuant to FED. R. CIV. P. 12(b)(2) because the complaint insufficiently alleges personal jurisdiction.

"When responding to a Rule 12(b)(2) motion to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of establishing that the court has jurisdiction over the defendant." *Bank Brussels Lambert v. Fiddler Gonzalez & Rodriguez*, 171 F.3d 779, 784 (2d Cir. 1999) (internal citation omitted). Where, as here, the "court has chosen not to conduct a full-blown evidentiary hearing on the motion, the plaintiff need make only a prima facie showing of jurisdiction through its own affidavits and supporting materials." *Id.* (internal citation, quotation marks and brackets omitted). The court "construes the pleadings and affidavits in the light most favorable to [Lunera], resolving all doubts in [its] favor." *DiStefano v. Carozzi N. Am., Inc.*, 286 F.3d 81, 84 (2d Cir. 2001) (internal citation omitted).

In both diversity and federal question cases, "personal jurisdiction is determined by the law of the state in which the district court sits, which in this case is New York."[2] *Id.; see also PDK Labs, Inc. v. Friedlander*, 103

---

[2] The only exception to this general rule occurs in federal question cases where the defendant is not a resident of the forum state and the federal statute allows for nationwide service. *See Sunward Elecs., Inc. v. McDonald*, 362 F.3d 17, 22 (2d Cir. 2004). This exception is inapplicable here, as the Lanham Act - under which Lunera's sole federal claim

5

F.3d 1105, 1108 (2d Cir. 1997) (internal citation omtted).  As such, the court must first determine whether an assertion of personal jurisdiction comports with New York's long arm statute.  *See Bensusan Rest. Corp. v. King*, 126 F.3d 25, 27 (2d Cir. 1997) (internal citation omitted).  "If the exercise of jurisdiction is appropriate under that statute, the court then must decide whether such exercise comports with the requisites of due process."  *Id.* (internal citation omitted).  The court addresses these two elements presently.

### 1. New York's Long Arm Statute

New York's long arm statute is codified at Section 302 of the New York Civil Practice Law and Rules.  While this provision supplies multiple bases for personal jurisdiction over non-domiciliaries, Lunera specifically invokes N.Y. C.P.L.R. § 302(a)(1), which states:

> As to a cause of action arising from any of the acts enumerated in this section, a court may exercise personal jurisdiction over any non-domiciliary ... who in person or through an agent transacts any business within the state *or* contracts anywhere to supply goods or services in the state.

(emphasis added).  As its language makes clear, "[t]his subsection ... has two prongs, either of which can form a basis for the exercise of personal

---

arises - does not provide for nationwide service.  *See id.*

jurisdiction over a non-domiciliary." *Bank Brussels Lambert*, 171 F.3d at 786 (internal citations omitted). Lunera argues that Nexus is subject to jurisdiction in New York under both prongs.

### (a) "Transaction of Business" Prong

"It is well settled that in order for a court to obtain personal jurisdiction over a party under the 'transaction of business' prong of § 302(a)(1), the party need not be physically present in the state at the time of service." *Id*. at 787 (internal citation omitted). "Rather, § 302(a)(1) extends the jurisdiction of New York state courts to any nonresident wh[ich] has purposely availed [itself] of the privilege of conducting activities within New York and thereby invoked the benefits and protections of its laws." *Id*. (internal citation and quotation marks omitted). "[A] single transaction would be sufficient to fulfill this requirement so long as the relevant cause of action also arises from that transaction." *Id*. (internal citations and quotation marks omitted). "To determine whether a party has 'transacted business' in New York, courts must look at the totality of circumstances concerning the party's interactions with, and activities within, the state." *Id.* (internal citations omitted). Factors to be considered include:

> whether the defendant has an ongoing contractual relationship

7

> with a New York business; whether the contract was negotiated or executed in New York; whether, after executing such a contract, the defendant visited New York to meet with parties to the contract regarding performance thereof; and whether the contract requires the defendant to send notices and payments into New York or otherwise to perform in New York.

*Ulster Sci., Inc. v. Guest Elchrom Sci. AG*, 181 F. Supp. 2d 95, 100 (N.D.N.Y. 2001) (citing *Agency Rent A Car Sys., Inc. v. Gran Rent A Car Corp.*, 98 F.3d 25, 29 (2d Cir 1996); *Longines-Wittnauer Watch Co. v. Barnes & Reinecke, Inc.*, 15 N.Y.2d 443, 457 (1965)).

Here, the PDA between Nexus and Lunera contemplated a contractual relationship spanning multiple years. Thus, as Lunera is a New York corporation, Nexus had an ongoing business relationship with a New York business. *See Schomann Int'l Corp. v. N. Wireless, Ltd.*, 35 F. Supp. 2d 205, 209 (N.D.N.Y.) (explaining that New York's courts have found ongoing business relationship where contract contemplates continuing relationship between the parties). Further, representatives of Nexus traveled to New York to negotiate the terms of the PDA with Lunera. Nexus also accepted payments under the PDA which were drawn from Lunera's New York bank account. Additionally, Nexus was required to deliver LED fixtures to Lunera at its Troy, New York headquarters, thereby

8

obligating Nexus to otherwise "perform in New York." Finally, each of Lunera's claims clearly arises from Nexus' transaction of business in the state, as this entire action is predicated on Nexus' failure to deliver the required number of LED fixtures to Lunera in New York. Accordingly, Nexus is clearly subject to personal jurisdiction in New York under the "transaction of business" prong of C.P.L.R. § 302(a)(1).

### (b) "Contracts Anywhere" Prong

Under the "contracts anywhere" prong of § 302(a)(1) "New York courts may exercise jurisdiction over a nondomiciliary who contracts outside this State to supply goods or services in New York so long as the cause of action arose out of that contract." *Anderson Dev. Corp. v. Isoreg Corp.*, 154 A.D.2d 859, 860 (3d Dept. 1989). "This provision captures cases where there are minimal contacts in New York, and, for example, a contract is made elsewhere for goods to be delivered or services to be performed in New York." *Bank Brussels*, 171 F.3d at 789 (internal citation omitted). "Thus, even if a defendant never enters the state ... the second prong of § 302(a)(1) can provide long-arm jurisdiction over a defendant who has minimal contacts with the state and who has entered a contract anywhere to supply goods or services in the state." *Id.* (internal citation

9

omitted).

In the present instance, Nexus contracted to supply hundreds of LED fixtures to Lunera in New York pursuant to the PDA. Further, this action arises out of Nexus' alleged breach of that agreement, insofar as Nexus purportedly delivered a mere fraction of the fixtures contracted for. Accordingly, Nexus is clearly subject to personal jurisdiction in New York under the "contracts anywhere" prong of C.P.L.R. § 302(a)(1). This is so regardless of the actual number of fixtures sent into the state, as Section 302 allows an exercise of jurisdiction "even if the goods are never shipped ..., so long as the cause of action, as here, arose out of" the contract. *See Lupton Assocs., Inc. v. Northeast Plastics, Inc.*, 105 A.D.2d 3, 6 (2d Dep't 1984); *Crouch v. Atlas Van Lines, Inc.*, 834 F. Supp. 596, 601 (N.D.N.Y. 1993).

**2. Due Process**

Having determined that Nexus is subject to personal jurisdiction in New York under the state's long arm statute, the court must next determine whether an exercise of such jurisdiction comports with due process. Two requirements must be met in order to satisfy due process. First, the defendant must have "certain minimum contacts with the forum such that

10

the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *U.S. Titan, Inc. v. Guangzhou Zhen Hua Shipping Co., Ltd.*, 241 F.3d 135, 152 (2d Cir. 2001) (internal citations, quotation marks, omissions and brackets omitted). This requirement is satisfied by the court's finding that Nexus is subject to jurisdiction under C.P.L.R. § 301(a)(1). *See, e.g., Oriska Inc. Co. v. Power P.E.O., Inc.*, 352 F. Supp. 2d 291, 296-97 (N.D.N.Y. 2004). The second requirement of due process dictates that the assertion of jurisdiction must be "reasonable under the circumstances of the particular case." *Bank Brussels Lambert*, 305 F.3d at 129. However, "where a defendant who purposefully has directed his activities at forum residents seeks to defeat jurisdiction, [as here,] he must present a compelling case that" jurisdiction is unreasonable. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 477 (1985). Whether an exercise of personal jurisdiction is reasonable depends on:

> (1) the burden that the exercise of jurisdiction will impose on the defendant; (2) the interests of the forum state in adjudicating the case; (3) the plaintiff's interest in obtaining convenient and effective relief; (4) the interstate judicial system's interest in obtaining the most efficient resolution of the controversy; and (5) the shared interest of the states in furthering substantive social policies.

*Chaiken v. VV Publ'g Corp.*, 119 F.3d 1018, 1028 (2d Cir. 1997).

11

Upon consideration of these factors the court finds that an assertion of personal jurisdiction over Nexus is reasonable. Nexus contends that it should not be made to litigate in New York because such a forum is inconvenient; the claims and counterclaims arise out of conduct occurring in Florida; and most of the witnesses and evidence are in Florida. However, these considerations do not render an assertion of personal jurisdiction in New York unreasonable, especially in light of the factors supporting the propriety of such jurisdiction. First, litigating this case in New York will be more convenient for Lunera, as it has its principal place of business in the state. *See Hein v. Cuprum, S.A. de CV.*, 136 F. Supp. 2d 63, 70 (N.D.N.Y. 2001). Further, New York has an interest in providing a convenient forum for its citizens and businesses to litigate disputes against non-domiciliaries who have caused harm within the state. *Id.* Finally, providing an in state forum for those subjected to a contractual breach by non-domiciliaries also furthers the substantive interstate social policy of discouraging such breaches and providing accountability when they occur. *Id.* Thus, on balance, it is reasonable to subject Nexus to personal jurisdiction in New York, and this court's exertion of such jurisdiction is proper. Accordingly, Nexus' motion to dismiss for lack of personal

jurisdiction is denied.

**C.    Venue**

Nexus contends that this case must be dismissed pursuant to FED. R. CIV. P. 12(b)(3) because venue is improper in this district. The court rejects this argument.

A motion to dismiss under Rule 12(b)(3) for improper venue is governed by the same standard of review as a motion to dismiss under Rule 12(b)(2) for lack of personal jurisdiction. *See Gulf Ins. Co. v. Glasbrenner*, 417 F.3d 353, 355 (2d Cir. 2005). The proper venue for this action is dictated by 18 U.S.C. § 1391(b), which provides that:

> A civil action wherein jurisdiction is not founded solely on diversity of citizenship may ... be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same state, [or] (2) a judicial district in which a substantial part of the events or omissions giving rise to the claims occurred.

For purposes of § 1391(b)(1), an LLC such as Nexus is "deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced."[3]  18 U.S.C. § 1391(c); *see also, e.g., Gen.*

---

[3]The court notes that Nexus has objected to Lunera's reliance on § 1391(b) and (c) because the complaint invokes only § 1391(a). However, § 1391(a) and (b) are virtually identical, with the only relevant difference between the two being the basis for subject matter jurisdiction. Nexus' protestation over such a petty technicality warrants no action by the court.

*Elec. Capital Corp. v. Titan Aviation, LLC*, No. 06Civ.4795(LTS)(FM), 2007 WL 107752, at *6 (S.D.N.Y. Jan. 16, 2007) (indicating that § 1391(c) applies to LLCs).

Here, Nexus is subject to personal jurisdiction in this district because it contracted to supply LED fixtures to Lunera in Troy, New York, as discussed *supra*. Accordingly, Nexus is deemed to reside in this district under § 1391(b) and (c). Thus venue in this district is proper under § 1391(b)(1),[4] and Nexus' motion to dismiss under Rule 12(b)(3) is denied.

## D.   Sanctions

Finally, both parties request sanctions against the other for what they perceive to be frivolous arguments on the Rule 12 motion.

The court may impose sanctions pursuant to Local Rule 7.1(I), which provides that "[a] party who presents vexatious or frivolous motion papers or fails to comply with this Rule is subject to discipline as the Court deems appropriate, including sanctions and the imposition of costs and attorney's fees to the opposing party." Here, the court does not find Nexus' motion to have been vexatious or frivolous, though its arguments were admittedly

---

[4] Finding venue appropriate under § 1391(b)(1), the court declines to address Lunera's contention that this venue is also proper pursuant to § 1391(b)(2).

14

weak.  As such, the parties' requests for sanctions are denied, with the admonishment that Nexus should not file future motions before it has objectively assessed the strength of its position.

### IV.  Conclusion

**WHEREFORE**, for the foregoing reasons, it is hereby

**ORDERED** that Nexus' motion to dismiss (Dkt. No. 8) is DENIED; and it is further

**ORDERED** that the parties' requests for sanctions (Dkt. Nos. 14, 18) are DENIED; and it is further

**ORDERED** that the Clerk of the Court provide a copy of this order to the parties by regular mail.

**IT IS SO ORDERED.**

August 27, 2009
Albany, New York

_____
United States District Court Judge

15